**KIRBY LUMBER CORPORATION,**
Appellant,

v.

Rayford FREEMAN et ux., Appellees.

No. 3543.

Court of Civil Appeals of Texas.

Eastland.

June 17, 1960.

Rehearing Denied July 8, 1960.

Fountain, Cox, Gaines & Fox, Houston, for appellant.

Houston Thompson, Silsbee, for appellee.

GRISSOM, Chief Justice.

Rayford Freeman and wife sued Kirby Lumber Corporation, asserting title to 160 acres of land by virtue of the statute of limitations, Article 5510. The court submitted to the jury issues of fact relative to limitation title concerning only about 30 acres out of the 160 acres, which 30 acres had been enclosed by a fence by the Rayford Freemans, improved by them and claimed to have been held adversely, cultivated, used or enjoyed for ten years. The court submitted five issues, identical except as to the description, as to five tracts aggregating approximately 30 acres. The jury found as to each tract that Rayford Freeman and wife, in person or through tenants, had held peaceable and adverse possession, cultivating, using or enjoying the same, for ten years between February 14, 1945, and January 6, 1956. Based on said findings, the court rendered judgment awarding title to approximately 30 acres to the Rayford Freemans and denying recovery as to the remainder. Kirby Lumber Corporation has appealed.

■ Kirby's first point is that the court erred in failing to render judgment for it because, as a matter of law, the nature of possession shown was not the open and notorious possession required to mature title by limitation, nor was it the peaceable and adverse possession contemplated by Article 5510, "in that appellees' claim of right, by appellees' own testimony, changed during the period of claimed ten years' adverse possession from a claim of an undivided 160 acres to a claim of specific acreage." Appellant says that an adverse claimant must have the intention to claim the land for which he sues during the ten year period and that appellees changed their claim from an undivided 160 acres to a small segregated tract. Appellant says that this is not the nature of intention to claim land which is persistent, continuous and unequivocal, which the law requires,

and that such a claim did not give the notice required. We do not agree with appellant. The record shows that the Freemans did claim, and in their original petition sued for, 160 acres of land out of a larger tract. Their claim to the excess over the 30 acres recovered was by virtue of constructive possession of 160 acres because they had actual possession of the enclosed and improved 30 acres on which they built their residence and barns and extended and rebuilt the fences. The nature of appellees' claim to the enclosed and improved land which they recovered did not change.

To some extent the statement in 2 Tex. Jur.2d 325, section 190, is applicable:

"Subsequent cases, however, had established the rule that a claimant under the ten-year statute who has been in actual possession of a portion of a large tract of land, claiming 160 acres of it without any deed or other muniment of title fixing the boundaries of his claim, or without having such boundaries otherwise definitely fixed, has a right to acquire title to an undivided 160 acres of such large tract, including his improvements, and to have this amount of land set apart to him by the court. Stated more precisely, he may claim his improvements or enclosed acreage and sufficient additional land to make 160 acres that has not been improved or enclosed being considered to be in the claimant's constructive possession. Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S.W. 902; Louisiana and Texas Lbrs. Co. v. Stewart (c. a.) [61 Tex. Civ.App. 255] 130 S.W. 199."

■ There was evidence that, in 1932, W. H. Freeman and wife, the father and mother of Rayford Freeman, moved with their family onto the land in controversy. The children included Rayford Freeman and two other boys. W. H. Freeman and family moved off the property in 1942. In August, 1933, W. H. Freeman and wife executed a written acknowledgement of tenancy to Kirby Lumber "Company". Ap-

pellee says that there is no evidence that Kirby Lumber Company owned the record title at the time of this acknowledgement. We think this particular acknowledgement of tenancy is not of controlling importance because appellees' entry in 1945 was long after the termination of that tenancy by W. H. Freeman and wife. There is evidence that after the W. H. Freemans moved from the land Mr. Whitesides moved on but Whitesides moved off on February 14, 1945; that Rayford Freeman helped the Whitesides move and that Rayford Freeman and wife moved onto the land in controversy on February 14, 1945; that they moved the parents of Rayford Freeman into the house that had been occupied by Whitesides; that Rayford Freeman bought the improvements from Whitesides and paid for them and that the elder Freemans and Rayford's brothers were the tenants of Rayford Freeman. There is evidence that on February 15, 1945, the appellees began building their present residence, which has been subsequently added to and improved, on the land recovered and that they have lived there ever since; that the appellees rebuilt, moved and enlarged the fences around the 30 acres recovered by Rayford Freeman and wife and that the fences have been maintained by them and the 30 acres used and enjoyed by them since 1945. In 1946 one of appellant's employees presented appellees with an acknowledgement of tenancy which they did not sign. There is evidence that this employee of Kirby and others knew appellees were claiming the land. Their home could be seen from the adjoining highway.

The essence of appellant's remaining points is that Rayford Freeman's father and mother and two brothers attorned to Kirby Lumber Corporation; that Rayford Freeman had knowledge thereof during the period of limitation and did nothing about it and that, having jointly shared possession and use of the premises with Kirby's tenants, appellees did not have the open and notorious possession required to mature title by limitation. In

Rick v. Grubbs, 147 Tex. 267, 214 S.W.2d 925, it was held that possession which is shared by a limitation claimant with the record owner's tenants is not adverse possession within contemplation of the limitation statute. In Kirby Lumber Corp. v. Laird, 5 Cir., 231 F.2d 812, it was held that the adverse possession of a claimant-landlord is broken when his tenant attorns to the record owner, provided such claimant-landlord knows of the attornment and does not remove his duplicitous tenant. But, attornment of Rayford Freeman's tenants to the record owner without Freeman's knowledge did not break the continuity of his adverse possession. Cobb v. Robertson, 99 Tex. 138, 86 S.W. 746. There was evidence that Rayford Freeman's father and mother and two brothers were his tenants and that during the material ten years they attorned to appellant. Appellant says that the Rayford Freemans' adverse possession was broken, as a matter of law, because Rayford Freeman knew of his tenants' attornment to Kirby and he did not remove them. Appellees deny that they had knowledge of such attornment during said period of limitation. We think there is evidence thereof. Appellant in oral argument presented a more precise question, that is, that since Rayford Freeman admitted in his deposition that he knew in 1947 of such attornment, he is bound by such deposition testimony, especially since he admitted on the trial that he had so testified in his deposition, although on the trial he denied that he knew during the ten years of the attornment of his tenants. We doubt that the testimony of Rayford Freeman by deposition as to his knowledge of such attornment during the period of limitation is so certain and unequivocal as to bind him to an acknowledgement that he knew thereof during the vital period. We recognize the rule that the testimony of a party to definite, positive facts which, if true, would defeat his right to recover is binding upon him and that it does not merely raise an issue of fact. Southern Surety Company v. Inabnit, Tex.

Civ.App., 1 S.W.2d 412, 415; Kimmell v. Tipton, Tex.Civ.App., 142 S.W.2d 421. But, the authorities that establish that rule recognize the right of a party to modify or explain such testimony. In St. John v. Fitzgerald, Tex.Civ.App., 281 S.W.2d 201, 207, we held that the deposition testimony of a party might be explained or contradicted on the trial and an issue of fact thus raised. See also Smith v. Olsen, 92 Tex. 181, 46 S.W. 631, 632; Luhning v. Stewart, Tex.Civ.App., 103 S.W.2d 184, 186, and Pacific Fire Insurance Co. v. Donald, 148 Tex. 277, 224 S.W.2d 204. If Rayford Freeman's deposition testimony had permitted no other conclusion than that he knew, during the material period of time, of the attornment of his tenants, (and we do not believe such was its effect), nevertheless he could, by his testimony on the trial, raise an issue of fact as to his knowledge thereof during the period of limitation. Such, we believe was the effect of his testimony on the trial.

We conclude that the evidence raised the issues of fact submitted and found against appellant. Appellant's points are overruled. The judgment is affirmed.