Sylvia A. TREVINO and Oscar Trevino, Individually and as Next Friends of Oscar J. Trevino, Neil Lee Trevino, and Stephanie Ann Trevino, Minor Children, Relators,

v.

The Honorable Stanton B. PEMBERTON, Assigned Judge of the 39th District Court, Kent County, Texas, Respondent.

No. 07–96–0029–CV.

Court of Appeals of Texas, Amarillo.

March 13, 1996.

---

Law Offices of Timothy D. Yeats, Timothy D. Yeats, Big Spring, for respondent.

Castro & Davis, Isaac M. Castro, Jeffrey S. Davis, Hamlin, for relators.

Before DODSON, BOYD and QUINN, JJ.

QUINN, Justice.

Sylvia A. Trevino and Oscar Trevino, individually and as next friends of Oscar J. Trevino, Neil Lee Trevino, and Stephanie Ann Trevino, (collectively referred to as the Trevinos) petitioned for mandamus relief against the Honorable Stanton B. Pemberton (Pemberton), sitting by assignment in the 39th Judicial District of Kent County, Texas. They ask us to command him to order Sherry Powell (Powell), official court reporter, to transcribe, free of cost, a statement of facts. We conditionally grant the request.

### Facts

 Neither Pemberton, Powell, nor Kent County "contest the factual allegations set out in Paragraphs Nos. I through XI of Relators' Petition for Writ of Mandamus."[1] Those allegations, as coupled with the original and supplemental transcripts filed in appellate cause number 07–96–0017–CV, styled *Sylvia Trevino et al. v. Kent County d/b/a Kent County Nursing Home,* of which we take judicial notice, disclose the following.[2]

Powell, in her capacity as court reporter, recorded trial proceedings wherein the Trevinos were plaintiffs. The court eventually signed a judgment, on September 29, 1995, denying them relief. An "Affidavit of Inability to Give Security for Costs," signed and sworn to by Sylvia and Oscar Trevino, was

---

1. Powell and Kent County, Texas were joined as parties due to their "interest in the subject matter of th[e] action." Furthermore, in responding to the petition for mandamus, both denominate themselves as "real parties in interest."

2. An appellate court may judicially notice its own records in the same or related proceeding involving the same or nearly the same parties. *Turner v. State,* 733 S.W.2d 218, 221 (Tex.Crim.App. 1987). The pending mandamus and cause number 07–96–0017–CV are so related.

filed with the court clerk eighteen days later, that is, on October 17, 1995. Seven days later, on October 24, 1995, the Trevinos also filed with the clerk their motion for new trial. The transcript contains no order indicating that the court expressly overruled the motion. Rather, we conclude that it was denied by operation of law on December 13, 1995.

On the 14th of December, 1995, the Trevinos filed their notice of appeal. By letter of even date, they then informed Powell, for the first time, of their October 17th affidavit and requested that she transcribe the previously mentioned trial proceedings. She replied, via her own affidavit dated December 21, 1995, stating that

> I was notified by letter by attorney for appellant ... on December 15, 1995 [sic] to prepare a transcription of the Statement of Facts ... and deliver it to the appellant at no cost.

> As of this date [sic] I have not received a copy of the actual Affidavit ... and was not given the requisite notice pursuant to Rule 40 of the Texas Rules of Appellate Procedure.

Also filed, twelve days later, was her plea contesting the Trevinos' status as indigents. Therein, she contended that the Trevinos failed to timely notify her of their October 17th Affidavit. Since this purportedly contravened Texas Rule of Appellate Procedure 40, she believed that she had no duty to transcribe the trial free of charge.

Pemberton agreed with Powell and manifested same by order signed on January 11, 1996. Additionally, the sole reason given for rejecting the Trevinos' claim of impoverishment was their supposed failure to provide timely notification.

### Application of Facts to Law

#### 1. The Appropriate Remedy and Standard of Review

■ We first note that petitioning for mandamus is the appropriate way to address the dispute at bar. *Allred v. Lowry*, 597 S.W.2d 353, 354 n. 2 (Tex.1980) (stating that

mandamus is the proper remedy upon a trial judge's sustaining a contest to an affidavit of inability to pay costs); *accord Watson v. Hart*, 871 S.W.2d 914, 919 (Tex.App.—Austin 1994, no writ) (stating the same). However, the writ will issue only upon our concluding that the trial court clearly abused its discretion in upholding the contest. *Watson v. Hart*, 871 S.W.2d at 919.

■ Next, we note that an abuse of discretion arises when the judge acts without reference to applicable rules or guiding principles. *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 597 (Tex.App.—Amarillo 1995, no writ) (involving review of a preliminary injunction). Additionally, decisions founded upon a misinterpretation of such rules or guidelines exemplifies abused discretion. *Id.*

#### 2. Rules of Appellate Procedure Involved Herein

■ The rules applicable to the pending controversy case are found in the Texas Rules of Appellate Procedure. The first allows an appellant to avoid paying the costs of an appeal by filing "his affidavit" disclosing his lack of financial resources. *Tex.R.App.P.* 40(a)(3)(A). This document must be given to the court clerk within thirty days after the judgment is signed. *Tex.R.App.P.* 41(a)(1). The deadline may be extended for sixty more days, however, if a litigant timely moves for new trial. *Id.* Rule of procedure also requires the appellant to notify the court reporter of the filing "within two days after" the affidavit is filed. *Tex.R.App.P.* 40(a)(3)(B).[3] Should he not do so, he loses his opportunity to proceed *in forma pauperis. Id.*

Facial application of the foregoing directives to the facts at hand tends to suggest that the trial court was correct. After all, the December 14th letter notifying Powell of the affidavit was sent more than two days after October 17th.

Yet, the Trevinos argue that more is involved. Indeed, they direct the court to Texas Rule of Appellate Procedure 41(c).

---

**3.** Notice may be given by simply informing the reporter of the filing in a timely letter. *See, e.g., Jones v. Stayman*, 747 S.W.2d 369, 370 (Tex.

1987) (wherein the appellant's attorney sent a letter rather than a copy of the affidavit).

According to that provision, a prematurely filed affidavit of indigency "*shall* be deemed to have been filed on the date of but subsequent to the time of signing of the judgment or the time of overruling of motion for new trial, if such a motion [was] filed." *Tex. R.App.P.* 41(c). Since their affidavit was allegedly premature, that is, filed before the court overruled their motion for new trial, they suggest that their duty to notify Powell did not arise until December 13th, the date on which the motion was overruled by operation of law. By sending Powell notice on December 14th and her admitting receipt thereof by December 15th, they conclude that they acted timely. We agree for the following reasons.

### a. Prematurely Filed Document

Resolution of the current dispute depends upon the interpretation of the phrase "prematurely filed document." Though not defined by the rules of appellate procedure, we discern its meaning by digging at its historical root.

Once upon a time, one could not attempt to perfect his appeal until after the trial court entered either a final judgment *or an order overruling a motion for new trial,* if such a motion were filed. *E.g., Richards v. United States Cold Storage Co.,* 112 S.W.2d 445, 445–46 (Tex.Comm'n App.1938, opinion adopted). This spawned much concern since a cost bond or pauper's affidavit filed prior thereto were nullities. *See, e.g., Gilmore v. Ladell,* 34 S.W.2d 919, 919–20 (Tex.Civ.App.—Dallas 1930, writ ref'd) (holding appellant's attempt to perfect an appeal *in forma pauperis* for naught given that he filed his affidavit of indigency before the court entered an order denying new trial). To ameliorate the situation, the Texas Supreme Court long ago enacted the predecessor to Appellate Rule 41(c). Originally codified in Texas Rule of Civil Procedure 306c, the rule worked a legal fiction by postponing the effective date of a previously filed cost bond or pauper's affidavit to a time immediately after entry of judgment or order denying new trial. *See Tex. R.Civ.P.* 306c, *General Commentary* (Vernon 1977) (noting that the rule was later expanded to include prematurely filed "notices of appeal" and discussing the historical effect of filing such notices prematurely). In doing so, Rule 306c breathed life into appellate documents filed before entry of final judgment or order overruling new trial.

■ Other than its relocation to the rules of appellate procedure, the substance of then Rule 306c has undergone little change. It still reads, for the most part, as it did when enacted to overcome the harshness of *Gilmore* and *Richards.* Given its origins and substantively unaltered wording, we must construe the term "prematurely filed documents" found in Rule 41(c) as encompassing documents filed before the entry of a final judgment or order overruling a motion for new trial. Furthermore, such documents will not be deemed filed until execution of a final judgment or an order overruling a motion for new trial. *Tex.R.App.P.* 41(c).

### b. Time for Notice to Court Reporter

■ Since the pauper's affidavit here at issue was filed before denial of the Trevinos' motion for new trial, its filing date was legally postponed until the moment after the motion was overruled, that is, December 13th. Rule 40(a)(3)(B), therefore, required them to notify the court reporter of the filing by the close of December 15th. Yet, the trial court concluded otherwise. In doing so, it misinterpreted Appellate Rules 40(a)(3)(B) and 41(c) and abused its discretion.

In deciding as we do, we reject the court's and court reporter's contention that the pertinent date from which notice was to be given was the date on which the affidavit was actually filed. The argument ignores the wording of Rule 41(c) which expressly "deemed" the affidavit here in question filed immediately after the request for new trial was overruled.

Nor can we accept the proposition that Rule 40(a)(3)(B) somehow supplants 41(c). The former involves the time within which one must notify the court reporter while the latter controls the date on which the duty to notify is triggered. Each is a unique rung in the appellate ladder, with one leading to, not replacing, the other.

### Conclusion

We conditionally grant the writ of mandamus and trust that the Honorable Stanton B. Pemberton will vacate his order signed January 11, 1996, which relieved Sherry Powell from preparing and providing, without cost,

the statement of facts requested by the Relators. If he fails to do so by March 21, 1996, the writ will issue.