**Roland REED and Pam Reed, Relators,**

v.

**The Honorable James C. ONION, Respondent.**

No. 04–96–00917–CV.

Court of Appeals of Texas, San Antonio.

Dec. 26, 1996.

Paul J. Tarski, Dulin & Tarski, Uvalde, for Relators.

Jerry Don Evans, Law Office of Jerry Don Evans, Uvalde, for Respondent.

Before RICKHOFF, STONE and GREEN, JJ.

## OPINION

STONE, Justice.

Relators, Roland Reed and Pam Reed ("Reeds"), filed an Affidavit of Inability to Give Appeal Bond seeking to appeal a justice court's judgment to the county court. Respondent, the Hon. James C. Onion, entered an order finding the Relators' affidavit defective as a matter of law, thereby dispensing with the necessity of addressing the merits of the affidavit. We find the form of the affidavit sufficient as a matter of law and conditionally grant the requested writ of mandamus.

## DISCUSSION

 At the hearing before Judge Onion, Real Party in Interest, Mary Mumme ("Mumme"), asserted the Reeds' affidavit was defective under TEX.R. CIV. P. 145 because it did not contain the information required by that rule and was not verified. Mumme made these same assertions in her response to the Reeds' petition before this court.

The Reeds, however, correctly countered that the affidavit was not governed by TEX.R. CIV. P. 145, because that rule pertains to securing costs in original proceedings. TEX.R. CIV. P. 145 cmt. (noting purpose of rule is to allow indigent to file suit and have citation issued). Although we were unable to locate any prior cases discussing this issue, we believe the rule applicable to the Reeds' appeal is contained in Part V of the rules of civil procedure which contains the rules of practice in justice courts. Specifically, we find TEX.R. CIV. P. 572, which governs an affidavit of inability filed to secure costs of appeal from a justice court's judgment, to be applicable in determining the sufficiency of the Reeds' affidavit.

TEX.R. CIV. P. 572 only requires that the affidavit state the appellant's inability to pay costs, or any part thereof, or to give security. Therefore, neither the additional information requirement nor the verification requirement contained in rule 145 would be applicable.

See TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 1987)(affidavit need only be sworn before notary). By applying an incorrect procedural rule, Judge Onion abused his discretion in finding the Reeds' affidavit defective as a matter of law.

■ Judge Onion's order stating that he is denying the Appeal of the Order on Affidavit of Inability to Give Appeal Bond is comparable to sustaining the contest. Therefore, mandamus is the appropriate remedy. *See Allred v. Lowry*, 597 S.W.2d 353, 354 n. 2 (Tex.1980)(mandamus proper remedy where trial court sustains contest to pauper's affidavit); *Treviño v. Pemberton*, 918 S.W.2d 102, 103 (Tex.App.—Amarillo 1996, orig. proceeding).

## CONCLUSION

We hold that the form of the Reeds' affidavit is sufficient as a matter of law to appeal from the justice court's judgment to the county court. The Reeds' petition for writ of mandamus is conditionally granted. We anticipate that, in accordance with our opinion, Judge Onion will withdraw his order of October 31, 1996, and consider the merits of the affidavit. Upon certification to this court that he has not done so within ten days of this opinion, we will issue the writ.