NO. 07-02-0364-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 22, 2003

_____

ROBERT SCHEIDT,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 2  OF POTTER COUNTY;

NO. 99,705-2; HON. PAMELA C. SIRMON, PRESIDING

_____

Before JOHNSON, C.J., QUINN, J., and BOYD, S.J.[1]

Appellant Robert Scheidt appealed from his two convictions for traffic offenses rendered by the Amarillo Municipal Court.  The Potter County Court at Law dismissed his appeal to that intermediate court for want of jurisdiction because he had already appealed the convictions to the Randall County Court at Law.  At the time appellant filed his notice of appeal with this court, he alleged he was having difficulty in obtaining a record. Therefore, on September 12, 2002, we abated the appeal for a determination of, among

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 1998).

other things, appellant's potential status as an indigent. The trial court convened a hearing to determine that issue. According to the reporter's record of that hearing, appellant appeared. However, when the court attempted to question him as to whether he wished to continue to prosecute his appeal, he stated that he "want[ed] to stand mute. . . ." Then, he voluntary left the courtroom before the court could investigate his economic status and resolve the issue of indigence.

Nevertheless, a like hearing was held by the Randall County Court at Law by order of this court in a companion appeal filed by Scheidt. A record of that hearing was developed and filed with this court in cause number 07-02-0365-CR. We now take judicial notice of that record. *See Trevino v. Pemberton,* 918 S.W.2d 102, 103 n.2 (Tex. App. — Amarillo 1996, no writ) (holding that a court may take judicial notice of the content of records filed with the court in other causes). According to the record, appellant opted to participate in the hearing, and the Randall County Court at Law found that he was neither indigent nor entitled to a free appellate record.

Next, on December 2, 2002, this court directed the clerk and the reporter of the Potter County Court at Law to file the record related to Scheidt's appeal from the Municipal Court to the county court. They were given 30 days to do so. On January 2, 2003, the clerk of Potter County notified us that appellant had not paid or made arrangements to pay for the record. By letter dated January 6, 2003, we directed appellant to file, by January 16, 2003, a statement explaining whether or not he claimed to be indigent and, if so, to file an affidavit in accordance with Texas Rule of Appellate Procedure 20.1(b). He was warned that if he failed to comply and failed to pay for the clerk's record by that date, the

2

cause would be dismissed pursuant to *Rodriguez v. State,* 970 S.W.2d 133 (Tex. App.—Amarillo 1998, pet. ref'd). No response has been received, though the January 16th deadline has lapsed. Nor has Scheidt filed anything of record explaining why he failed to comply with the deadline or why he has not made arrangements to secure the clerk's record involving his appeal from the dismissal by the Potter County Court at Law.

Under the authority of Rule 2 of the Rules of Appellate Procedure, we suspend, for this cause only, the operation of Rule of Appellate Procedure 42.4 regarding the involuntary dismissal of pending criminal actions. We also substitute in its place, per *Rodriguez*, Rule 42.3 which empowers us to dismiss, *sua sponte*, a cause for 1) want of jurisdiction, 2) want of prosecution, or 3) the failure to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. TEX. R. APP. P. 42.3; *Rodriguez v. State,* 970 S.W.2d at 135. We find good cause for doing so given that appellant 1) was found not to be indigent in a companion appeal now before us, 2) failed to pay for or make arrangements for the payment of the clerk's record, and 3) failed to respond to this court's directive of January 6, 2003. *See Rodriguez v. State,* 970 S.W.2d at 135. We therefore dismiss this appeal in accordance with Rule 42.3.

Per Curiam

Do not publish.