NO. 07-03-0156-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 2, 2003


______________________________



IN RE LAWRENCE HIGGINS
,




 Relator


 ______________________________ 


 ORIGINAL PROCEEDING

 _______________________________

Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Pending before this court is a pro se motion for writ of mandamus seeking that we
compel "the 251st [D]istrict Court to proceed with operation of law in the cause #50,573-C." 
The latter cause apparently involves a lawsuit against defendants denominated
"Woodburn, Sears and Watkins." Furthermore, we construe this as a request to order the
Hon. Patrick Pirtle, Judge of the 251st District Court in Randall County, to rule on relator
Lawrence Higgins's allegedly pending motions "to appoint an expert investigator" and "to
refer [the] action to trial by jury." We deny the motion for the following reasons.

 First, Higgins failed to accompany his petition with the requisite filing fee or an
affidavit of indigence. (2) When a party seeks to invoke the jurisdiction of this court through
a notice of appeal, an affidavit of indigence is required of one who cannot pay the costs in
the appellate court. Tex. R. App. P. 20.1. This rule is no less applicable in actions for writs
of mandamus, and we are not required to rule on matters without a proper showing of
indigence. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001) (orig.
proceeding). 

 Second, the petition does not comply with the applicable rules of appellate
procedure. That is, Higgins failed to verify the factual statements in his petition and to
incorporate a table of contents, an index of authorities, a statement of the case, statement
of jurisdiction, a statement of the issues presented, a statement of facts, or a section
developing his argument. (3) Tex. R. App. P. 52.3. Also missing is an appendix including,
among other things, a "certified or sworn copy of . . . [the] document[s] showing the matter
complained of." Id. In this case, those requisite documents would be, at the very least, the
motions upon which he seeks a ruling. 

 Finally, a trial court does not abuse its discretion until the complainant establishes
that the court had a legal duty to perform a non-discretionary act, was asked to perform the
act, and failed or refused to do so. O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97
(Tex. 1992). Application of this rule would require Higgins to illustrate that the trial court
was aware of the motions. However, we have nothing before us showing that the trial court
knew of them. Nor can we impute such knowledge simply because they may have been
filed with the district clerk. See In re Chavez, 62 S.W.3d at 222 (stating that we know of
no rule which imputes the clerk's knowledge to the trial court). 

 For these reasons, we deny, without prejudice, the petition for writ of mandamus.


 Brian Quinn

 Justice 


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Higgins asserts in his petition that he has filed a "civil action claims suit." Further, the address on
his letter to this court indicates that he is incarcerated. We therefore assume that he has filed an affidavit of
indigence in the trial court, but we have no record before us to show that fact.
3. A pro se litigant is required to comply with the rules of appellate procedure. Holt v. F. F. Enterprises,
990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied). 



 met the specific test espoused in McClure and created
an issue of fact. 

 


 Evidence of Knowledge

 Having failed to show that the trial court erred in holding her a licensee, Griggs next 
argues that she presented some evidence showing that the home was actually aware of
the premises defect. That evidence came in the form of an affidavit executed by Celia
Thomas, a person who assisted with Sunday worship services. In it, Thomas related that
"a person on the staff of the nursing center said something to the effect that they were
afraid something like this was going to happen." However, she did "not remember the
exact words and could not say who the staff person was." Purportedly this statement was
offered to establish notice of the defect on the part of the nursing home, not to prove the
truth of what was asserted. So too could it be considered an excited utterance, she
continued. 

 The applicable standard of review is one of abused discretion. McKee v. McNeir,
151 S.W.3d 268, 269 (Tex. App.-Amarillo 2004, no pet.). That is, the appellant must show
that the decision failed to comport with applicable rules and guiding principles. Trevino v.
Pemberton, 918 S.W.2d 102, 104 (Tex. App.-Amarillo 1996, no writ). Furthermore, the
purported error must be harmful before the decision can be reversed. Tex. R. App. P. 44.1. 

 Assuming arguendo that the affidavit and statement therein were not hearsay, we
nonetheless conclude that its admission would not have changed the outcome. This is so
because to impute knowledge to Amarillo Nursing, the person allegedly making the
comment had to have been an employee of that business. Stensrud v. Leading Edge
Aviation Serv. of Amarillo, Inc. 214 S.W.3d 98, 100 (Tex. App.-Amarillo 2006, no pet.). 
Other than simply concluding that the unknown person was a member of the home's
"staff," Griggs provided no other evidence touching upon the criteria used to determine
employee status. See id. (describing the relevant criteria). Moreover, a conclusory
statement is insufficient to raise a fact issue in a summary judgment proceeding. Ryland
Group v. Hood, 924 S.W.2d 120, 122 (Tex. 1996). Therefore, Thomas' affidavit contained
no admissible evidence sufficient to impute knowledge of the alleged defect to the nursing
home.

 We overrule Griggs' issues and affirm the summary judgment. 


 Brian Quinn 

 Chief Justice