

# IN THE
# TENTH COURT OF APPEALS

No. 10-18-00092-CV

## IN THE INTEREST OF I.D.C.,
## A CHILD,

**From the 66th District Court
Hill County, Texas
Trial Court No. CV315-17**

## MEMORANDUM  OPINION

Appellant C.C., acting *pro se*, appeals from the trial court's final order terminating his parental rights to his child, I.D.C., following a jury trial.  The jury found that C.C. had knowingly engaged in criminal conduct that resulted in his confinement or imprisonment and inability to care for I.D.C. for not less than two years from the date of the filing of the petition and that termination was in I.D.C.'s best interest.  *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(Q) and (b)(2) (West Supp. 2017).  We will affirm.

### *Background*

This is the second termination action filed regarding C.C.'s parental relationship with I.D.C.  The record before us reflects that in Cause Number 50,144, also filed in Hill

County, the State removed I.D.C. and her half-brother, B.W., from the custody of their mother, D.G., and moved to terminate her parental rights. At the time I.D.C. was removed, C.C. was serving a four-year sentence arising out of his convictions for DWI and criminal mischief in Cause Numbers 11-13-0367-CR and 11-13-0368-CR. The trial court appointed counsel to represent C.C. during the termination proceeding. D.G. voluntarily relinquished her parental rights, and the children were placed in the custody of C.S., a non-relative who is the petitioner in the present case. C.C. entered into a Rule 11 agreement by which he would retain his parental rights to I.D.C. and would resume visitation after he was released from prison and after completing a parenting class and undergoing drug testing. The trial court signed a final order on December 9, 2013 that terminated D.G.'s parental rights to I.D.C., appointed C.S. as sole managing conservator, and appointed C.C. as possessory conservator. The final order incorporated the provisions of the Rule 11 agreement. No appeal was taken from the final order.

After C.C. was released from incarceration, he was convicted for assault family violence, enhanced by a previous conviction for assault family violence, in Cause Number B-44,709-A. C.C. was sentenced to twelve years' incarceration. C.S. then initiated the present suit to terminate C.C.'s parental rights. C.C. was still incarcerated when the present matter went to trial.

### *Issues*

We have construed the document filed by C.C. entitled "First Response to the Court's July 25, 2018 Order" as his brief. C.C. first argues that we do not have jurisdiction to consider his appeal. Appellate courts have jurisdiction over final judgments and

interlocutory orders made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Our jurisdiction is triggered by the timely filing of a sufficient notice of appeal. *Summers v. State*, 555 S.W.3d 844, 849 (Tex. App.— Waco 2018, no pet.). As C.C. appeals from a final judgment with a sufficient notice of appeal, we have jurisdiction to consider this matter.

The Texas Constitution provides district courts "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. ART. V, § 8 (West 2007). The district court's jurisdiction includes those cases that would affect the parent-child relationship. *See* TEX. FAM. CODE ANN. § 155.001 (West Supp. 2017); *see also Armstrong v. Reiter*, 628 S.W.2d 439, 440 (Tex. 1982). The trial court had jurisdiction to consider the termination of C.C.'s parental rights.

C.C. next claims that his underlying criminal conviction for assault family violence in Cause Number B-44,709-A should not have been used to support the termination of his rights in the present termination because it was not final. In this context, a conviction is final if it has been affirmed by an appellate court and the mandate has been issued. *See Lundgren v. State*, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014); *see also Johnson v. State*, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990). C.C.'s conviction was affirmed, and his petition for writ of discretionary review was denied. *See Cobos v. State*, No. 11-15-00210-CR, 2017 WL 253663 (Tex. App.—Eastland Jan. 20, 2017, pet. ref'd) (mem. op., not designated for

publication). Mandate was issued by the Eleventh Court of Appeals on June 7, 2017. The assault family violence conviction was final, therefore, prior to trial beginning in this case on February 20, 2018.

On January 1, 2018, C.C. filed an application for writ of habeas corpus in the Court of Criminal Appeals, once again challenging his conviction in Cause Number B-44,709-A. *See In re Cobos*, No. WR-78,605-03 (Tex. Crim. App. 2018). His application was denied on March 14, 2018 without written order. *Id*. An application for a writ of habeas corpus is not available until after a conviction has become final. *See Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Such an application, however, does not revive a final conviction. *See Ex parte Webb*, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008) (granting PDR and reinstating appeal process does not render court of appeal's mandate ineffective). Therefore, C.C.'s argument is without merit.

The rest of C.C.'s arguments are based upon alleged irregularities in Cause Number 50,144, the prior termination case. C.C. first asserts that he did not receive a copy of the trial court's final order, thereby depriving him of his right to appeal and rendering the judgment invalid. However, a judgment that is defective because of a failure to follow proper procedure is voidable rather than void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485-86 (Tex. 1995); *see also Office of the Atty. Gen. v. Phillips*, No. 01-05-00973-CV, 2007 WL 1559804, at *3 (Tex. App.—Houston [1st Dist.] May 31, 2007, no pet.) (mem. op.) (lack of notice does not render a judgment void.). C.C.'s remedy, if he

was unable to file a timely notice of appeal, was to file a motion for new trial or a bill of review with the trial court rather than attempt to contest it in a collateral proceeding. *See Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010). As C.C. did neither, we are unable to review his claims in regard to Cause Number 50, 144.

Even if C.C. could effectively challenge the final order in Cause Number 50,144, the documents he has placed in the record do not support his claims. Although not admitted, C.C. introduced at trial in this case a document filed in Cause Number 50,144 on October 17, 2013 that he identifies as his notice of appeal. That document was filed almost two months prior to entry of the final order. A notice of appeal is premature if it is filed before the judgment or final order is signed. *See In re Norris*, 371 S.W.3d 546, 552 (Tex. App.—Austin 2012, no pet.). Under Rule 27.1 of the Rules of Appellate Procedure, "a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." However, C.C.'s "notice of appeal" does not challenge the trial court's final order of termination but rather the Rule 11 agreement. C.C. specifically states in the "notice of appeal" that "Defendant [sic] is requesting an appeal/modification of the Rule 11 agreement of the Texas Family Code, and supplement thereto filed on the 30th day of September, 2013 in Hill County, Texas in cause # 051440." As C.C.'s "notice of appeal" does not address the validity of the final order of termination, it cannot be construed as a premature notice of appeal. C.C. also fails to present anything to indicate that he requested leave to pursue an interlocutory appeal or that an interlocutory appeal is otherwise permissible in relation to the Rule 11 agreement.

To the extent C.C. raises additional issues, they are also without merit and are overruled.

Having overruled C.C.'s issues, we affirm the trial court's judgment.

C.C. has also filed a document entitled "Declaration for Entry of Default." As we have resolved all issues, his request for additional relief is denied as moot.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurs in the Court's judgment to the extent it affirms the trial court's judgment. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed November 28, 2018
[CV06]

