NO. 07-03-0412-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 22, 2004
_____

BILLY JOE MCKEE, individually and as independent executor
of the estate of THELMA MCKEE, deceased,

Appellant

v.

DAVID G. MCNEIR, M.D., DENNIS DOVE, M.D., individually and d/b/a DOVE &
ASSOCIATES, and BARRY L. HOROWITZ, M.D.,

Appellees
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 87,938-B; HON. JOHN B. BOARD, PRESIDING
_____

***Opinion***
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Billy Joe McKee, individually and as independent executor of the estate of Thelma

McKee, deceased (McKee), appeals from a judgment denying him recovery against Dr.

David G. McNeir (NcNeir), Dr. Dennis Dove, individually and d/b/a Dove & Associates

(Dove), and Dr. Barry L. Horowitz (Horowitz). His sole issue involves the trial court's

refusal to admit evidence, during the rebuttal phase of the trial, of prior medical malpractice

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 1998).

claims against Dove.[2]  McKee sought to admit the evidence 1) because the defendants purportedly "opened the door" to it and 2) for purposes of rebutting Dove's opinions. However, the trial court excluded it because it was not rebuttal evidence, no one had opened the door to its admission, and its prejudicial effect "would far outweigh any probative value" it may have.  We affirm the judgment of the trial court.

*Standard of Review*

The appropriate standard of review is one of abused discretion.  That is, before we can say that the trial court erred in excluding the evidence, we must conclude that the decision evinced an instance of abused discretion.  *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995).  It evinces such an instance when it fails to comport with guiding rules or principles.  *Id.*

Next, and assuming *arguendo* that we were to hold that the trial court did err, authority prohibits us from reversing the judgment unless we determine that the "case turn[ed] on the evidence excluded . . . ."  *Id.*; *accord*, *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004) (so holding).  And, the burden lies with the complainant to demonstrate that.  *Nissan Motor Co. v. Armstrong,* 145 S.W.3d at 144.

As to the guiding principles applicable at bar, we find several in the Texas Rules of Evidence.  The first mandates that evidence of other wrongs is not admissible to prove the character of a person to show that he acted in conformity with that character.  TEX. R. EVID. 404(b).  It may, however, be received by the trial court if offered for other purposes, such as to prove motive, plan, scheme, knowledge, or identity, for instance.  *Id.*  Finally, even

---

[2]Though some 20 different suits were mentioned at trial, not all involved medical malpractice claims. Furthermore, McKee represented during oral argument and in his brief that he is concerned only about eight particular instances of litigation.

if admissible, the trial court may still exclude it if the probative value of the evidence, if any, is substantially outweighed by the danger of unfair prejudice, confusing of the issues, or misleading the jury.  TEX. R. EVID. 403.

*Application of Standard*

Underlying McKee's argument on appeal is the proposition that the evidence of other malpractice claims was admissible due to the similarity between the alleged neglect there involved and that involved here.  Yet, our review of the record fails to illustrate that such a contention was urged below.  Again, McKee informed the trial court that the evidence was admissible to discredit Dove's opinions and because the door to its use had been opened. Nowhere did he urge that it was admissible due to its similarity to the circumstances or claims before us.  Since the grounds asserted on appeal must comport with those mentioned at trial to preserve a complaint, *Moser v. Davis,* 79 S.W.3d 162, 169 (Tex. App.–Amarillo 2002, no pet.), and they do not here, the issue was waived.

Next, to the extent that evidence of similar wrongs may be admissible, despite Rule 404(b), it is clear that, at the very least, the circumstances of the incidents and conditions under which they occurred must be reasonably similar.  *Nissan Motor Co. v. Armstrong*, 145 S.W.3d at 138 (involving unintended acceleration of a vehicle); *Farr v. Wright,* 833 S.W.2d 597, 601 (Tex. App.–Corpus Christi 1992, writ denied) (involving a malpractice claim).  And, the degree of similarity required depends upon the fact or issue in dispute. *Nissan Motor Co. v. Armstrong*, 145 S.W.3d at 138.  Yet, even if similar, the evidence remains subject to exclusion if it creates undue prejudice, confusion, or delay.  *Id.*

Additionally, inherent in both *Nissan* and *Farr* is the requirement that the proponent of the evidence illustrate that the supposedly similar incident actually occurred.  Simply put,

3

if the incident did not happen, then it could hardly be admissible to prove the occurrence of some other act or event. And, therein lies the problem here. The only evidence of record purporting to illustrate the existence of the extraneous incidents of malpractice were copies of pleadings and final orders issued by various courts. Yet, most anything can be said in a pleading, whether true or not. Consequently, including an allegation favorable to the pleader in such a document is seldom evidence of its occurrence. *See In re M.C.*, 65 S.W.3d 188, 193 (Tex. App.–Amarillo 2001, no pet.) (stating that "generally, pleadings are not admissible as proof of their contents in favor of the pleader"). Furthermore, the final orders accompanying each pleading in question say nothing about the veracity of the particular plaintiff's claims. Instead, they either indicate that the claims were settled or that recovery was denied; none state that Dove was negligent or that the incident described in the respective pleading actually happened. So, because the incidents underlying McKee's complaint before us appear as nothing more than mere allegations in various pleadings, we find no basis upon which to infer that they actually occurred or that they were reasonably similar to those underlying the claims against Dove.

In short, the record does not permit us to hold that the trial court abused its discretion in excluding the evidence in question. Thus, we overrule McKee's issue and affirm the judgment of the trial court.


Brian Quinn
Justice


4