NO. 07-06-0327-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 12, 2007


______________________________



CATHY LAVONNA WEAVER, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NO. 10,552; HON. TOM NEELY, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Cathy Lavonna Weaver was convicted for the theft of livestock. Her two issues on
appeal involve the trial court's decision to 1) permit Ranger Scott Williamson to testify
about the law relating to stray cattle and, 2) overrule her motion for a directed verdict. We
affirm the judgment. 


 

 Issue 1 - Admission of Testimony

 During the trial, Scott Williamson (a special ranger commissioned by the Department
of Public Safety and employed by the Texas and Southwestern Cattle Raiser's Association)
was asked by the prosecutor if there was "any duty for the average citizen with respect to
those cows that are stray cattle . . .?" Appellant objected, contending that the witness was
asked a question of law. On appeal, however, only two lines of appellant's brief were
devoted to whether the officer could legitimately be asked such a question. One consisted
of the statement that the officer "should not have been allowed to testify before the jury as
to what the law is." The other propounded that "[t]his statement of the 'the law' [sic] from
the peace officer clearly would lead to an improper verdict." Furthermore, neither utterance
was supported by explanation or citation to authority. Thus, the complaint about allowing
Ranger Williamson to opine about the law was waived. See Tex. R. App. P. 38.1(h)
(obligating the appellant to proffer argument and authority in support thereof); Sunnyside
Feedyard, L.C. v. Metropolitan Life Ins. Co., 106 S.W.3d 169, 173 (Tex. App.-Amarillo
2003, no pet.) (holding that the failure to proffer explanation and citation waives the
complaint).

 Next, the bulk of appellant's argument under her first issue involved a purported
misstatement of the law. That is, she endeavors to illustrate why the comments were
inadmissible because they were inaccurate. Yet, nothing was said to the trial court about
their supposed inaccuracy. Having omitted to mention that ground below, appellant waived
it on appeal. McKee v. McNeir, 151 S.W.3d 268, 270 (Tex. App.-Amarillo 2004, no pet.)
(stating that the grounds asserted on appeal must be raised below or else they are not
preserved).

 We further note that the ranger testified about what the law required several times
during his direct, cross, and re-direct examination. Yet, appellant objected to the testimony
only once and failed to request a running or continuing objection. So, given that the
testimony regarding the law came in elsewhere without objection, any complaint about it
was again waived. Valle v. State, 109 S.W.3d 500, 509-10 (Tex. Crim. App. 2003).

 Sufficiency of the Evidence

 In her second issue, appellant complains of the denial of her motion for a directed
verdict. Such a challenge is treated as one attacking the legal sufficiency of the evidence,
Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); Cook v. State, 858 S.W.2d
467, 469 -70 (Tex. Crim. App. 1993), and we review it under the standard set forth in
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Upon being so
reviewed, the complaint is overruled.

 To secure a conviction at bar, the State was required to prove that appellant
unlawfully appropriated the cow with the intent to deprive the owner of it. Tex. Pen. Code
Ann. §31.03(a) (Vernon Supp. 2006) (stating the elements of theft). An appropriation is
unlawful if, among other things, it is without the owner's effective consent. Id. §31.03(b)(1). 
Furthermore, to appropriate means, among other things, to acquire or exercise control over
property. Id. §31.01(4)(B).

 At bar, the evidence showed that the cow went missing in July 2003 and
periodically wandered onto appellant's property from the river. Appellant eventually
penned the bovine on her property in November or December 2003. Attached to its ear
was a faded red tag which read "adrson." Appellant knew of John Anderson but also knew
he was dead. Nonetheless, she made no effort to contact his family about the cow. 
Furthermore, in March 2004, appellant's husband took the tag off the cow and threw it in
a trash barrel. Appellant later told an investigating officer in August 2004 that the animal
had no tags and that she did not know to whom it belonged. Yet, the officer discovered the
Double J brand used by John Anderson on the cow. Furthermore, Anderson's heirs still
ran the ranch, and the brand was registered with the county clerk and available to the
public. So too does the record disclose that appellant made no effort to determine the
owner of the cow, failed to contact the sheriff or anyone else about it, and lied to the
investigating officer when he came to her property in August 2004. The foregoing is some
evidence from which a rational jury could have concluded beyond reasonable doubt that
appellant intentionally or knowingly appropriated the cow with the intent to deprive the
owner of it, and granting a directed verdict would have been unwarranted.

 Finally, that a demand for the return of the property and subsequent refusal may be
needed to prove conversion in civil law, such is not required here. Section 31 of the Penal
Code specifies the elements for the offense of theft, and it says nothing about demand and
refusal to deliver. Thus, we reject appellant's suggestion that the cow's owner had to first
ask for its return before appellant could be convicted of theft.

 The judgment is affirmed. 

 Brian Quinn 

 Chief Justice 

Do not publish.