NO. 07-06-0327-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 12, 2007
_____

CATHY LAVONNA WEAVER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,552; HON. TOM NEELY, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Cathy Lavonna Weaver was convicted for the theft of livestock. Her two issues on appeal involve the trial court's decision to 1) permit Ranger Scott Williamson to testify about the law relating to stray cattle and, 2) overrule her motion for a directed verdict. We affirm the judgment.

*Issue 1 - Admission of Testimony*

During the trial, Scott Williamson (a special ranger commissioned by the Department of Public Safety and employed by the Texas and Southwestern Cattle Raiser's Association) was asked by the prosecutor if there was "any duty for the average citizen with respect to those cows that are stray cattle . . .?" Appellant objected, contending that the witness was asked a question of law. On appeal, however, only two lines of appellant's brief were devoted to whether the officer could legitimately be asked such a question. One consisted of the statement that the officer "should not have been allowed to testify before the jury as to what the law is." The other propounded that "[t]his statement of the 'the law' [sic] from the peace officer clearly would lead to an improper verdict." Furthermore, neither utterance was supported by explanation or citation to authority. Thus, the complaint about allowing Ranger Williamson to opine about the law was waived. *See* TEX. R. APP. P. 38.1(h) (obligating the appellant to proffer argument and authority in support thereof); *Sunnyside Feedyard, L.C. v. Metropolitan Life Ins. Co.,* 106 S.W.3d 169, 173 (Tex. App.–Amarillo 2003, no pet.) (holding that the failure to proffer explanation and citation waives the complaint).

Next, the bulk of appellant's argument under her first issue involved a purported misstatement of the law. That is, she endeavors to illustrate why the comments were inadmissible because they were inaccurate. Yet, nothing was said to the trial court about their supposed inaccuracy. Having omitted to mention that ground below, appellant waived it on appeal. *McKee v. McNeir,* 151 S.W.3d 268, 270 (Tex. App.–Amarillo 2004, no pet.)

2

(stating that the grounds asserted on appeal must be raised below or else they are not preserved).

We further note that the ranger testified about what the law required several times during his direct, cross, and re-direct examination. Yet, appellant objected to the testimony only once and failed to request a running or continuing objection. So, given that the testimony regarding the law came in elsewhere without objection, any complaint about it was again waived. *Valle v. State,* 109 S.W.3d 500, 509-10 (Tex. Crim. App. 2003).

*Sufficiency of the Evidence*

In her second issue, appellant complains of the denial of her motion for a directed verdict. Such a challenge is treated as one attacking the legal sufficiency of the evidence, *Williams v. State,* 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); *Cook v. State,* 858 S.W.2d 467, 469 -70 (Tex. Crim. App. 1993), and we review it under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Upon being so reviewed, the complaint is overruled.

To secure a conviction at bar, the State was required to prove that appellant unlawfully appropriated the cow with the intent to deprive the owner of it. TEX. PEN. CODE ANN. §31.03(a) (Vernon Supp. 2006) (stating the elements of theft). An appropriation is unlawful if, among other things, it is without the owner's effective consent. *Id.* §31.03(b)(1). Furthermore, to appropriate means, among other things, to acquire or exercise control over property. *Id.* §31.01(4)(B).

At bar, the evidence showed that the cow went missing in July 2003 and periodically wandered onto appellant's property from the river. Appellant eventually

3

penned the bovine on her property in November or December 2003. Attached to its ear was a faded red tag which read "adrson." Appellant knew of John Anderson but also knew he was dead. Nonetheless, she made no effort to contact his family about the cow. Furthermore, in March 2004, appellant's husband took the tag off the cow and threw it in a trash barrel. Appellant later told an investigating officer in August 2004 that the animal had no tags and that she did not know to whom it belonged. Yet, the officer discovered the Double J brand used by John Anderson on the cow. Furthermore, Anderson's heirs still ran the ranch, and the brand was registered with the county clerk and available to the public. So too does the record disclose that appellant made no effort to determine the owner of the cow, failed to contact the sheriff or anyone else about it, and lied to the investigating officer when he came to her property in August 2004. The foregoing is some evidence from which a rational jury could have concluded beyond reasonable doubt that appellant intentionally or knowingly appropriated the cow with the intent to deprive the owner of it, and granting a directed verdict would have been unwarranted.

Finally, that a demand for the return of the property and subsequent refusal may be needed to prove conversion in civil law, such is not required here. Section 31 of the Penal Code specifies the elements for the offense of theft, and it says nothing about demand and refusal to deliver. Thus, we reject appellant's suggestion that the cow's owner had to first ask for its return before appellant could be convicted of theft.

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

4