NO. 07-06-0464-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 17, 2007
_____

MARY ELIZABETH GRIGGS,

Appellant

v.

AMARILLO NURSING CENTER, INC.,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 54,458-A-B; HON. HAL MINER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Mary Elizabeth Griggs appeals from a summary judgment denying her recovery against Amarillo Nursing Center, Inc. She had sued Amarillo Nursing to recompense injuries allegedly suffered when falling in a grass-covered depression or hole while walking across the grounds of the home. As a volunteer, Griggs was on her way to preach to the home's residents as she had in the past. Amarillo Nursing filed both a traditional and no-evidence motion for summary judgment, which the trial court granted. Before us, Griggs

asserts that the trial court erred in 1) finding that she was a licensee, as opposed to an invitee, and 2) sustaining the hearsay objection of the nursing home to an affidavit supposedly establishing that the home was aware of the premises defect. We affirm the judgment.

*Invitee/Licensee Status*

The duty owed by Amarillo Nursing to Griggs depends upon whether she was an invitee or licensee. *Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex. 1996). Invitees are owed the duty of reasonable care; that is, the occupier of the realty must use reasonable care to protect invitees against dangerous conditions of which the occupier reasonably should have known. *CMH Homes, Inc. v. Daenen,* 15 S.W.3d 97, 101 (Tex. 2000); *Houston v. Northwest Village, Ltd.,* 113 S.W.3d 443, 446 (Tex. App.–Amarillo 2003, no pet.). With regard to a licensee, however, the occupier need only warn about or ameliorate dangers of which he actually knew. *Wal-Mart Stores, Inc. v. Miller,* 102 S.W.3d 706, 709 (Tex. 2003).

Though a volunteer, Griggs asserts that she served an economic interest or conferred an economic benefit upon the nursing home and that made her an invitee. *See McClure v. Rich,* 95 S.W.3d 620, 625 (Tex. App.–Dallas 2002, no pet.) (stating that an invitee is one whose presence serves the possessor's economic interest). The economic interest or benefit mentioned by Griggs consisted of her providing a service (preaching) to the home's residents since the home was obligated by law to generally provide "services" to remain in business. Assuming *arguendo* that one need only confer some economic

2

benefit upon the occupier to become an invitee, we nonetheless find that Griggs failed to create an issue of fact regarding the application of *McClure*.

The law mentioned by Griggs appeared at 40 T.A.C. §19.702(a), and stated that the "facility must provide for an ongoing program of activities designed to meet, in accordance with the comprehensive assessment, the interest and physical, mental, and psychosocial well-being of each resident." 40 TEX. ADMIN. CODE §19.02 (2001) (Social Services and Assistance). What was meant by the term "activities" went undefined by both the regulation and Griggs. Furthermore, whatever the "activities" contemplated were, their provision was subject to the existence of a "comprehensive assessment." In other words, the activities must have arisen from or satisfied needs uncovered as a result of some "comprehensive assessment." Whether such an assessment exists here also went unmentioned by Griggs. So too do we note the uncontradicted evidence of record illustrating that the nursing home would have complied with both state and federal requirements in the absence of Griggs' voluntary efforts.

Without any concept of what the regulators intended by the word "activities," without knowing whether there existed a comprehensive assessment calling for activities that encompasses religious instruction or preaching, and given the evidence that governmental requirements were met irrespective of Griggs' efforts, we cannot say that a fact issue arose regarding whether she conferred some type of economic benefit upon the home. Thus, we reject her contention that she met the specific test espoused in *McClure* and created an issue of fact.

3

*Evidence of Knowledge*

Having failed to show that the trial court erred in holding her a licensee, Griggs next argues that she presented some evidence showing that the home was actually aware of the premises defect. That evidence came in the form of an affidavit executed by Celia Thomas, a person who assisted with Sunday worship services. In it, Thomas related that "a person on the staff of the nursing center said something to the effect that they were afraid something like this was going to happen." However, she did "not remember the exact words and could not say who the staff person was." Purportedly this statement was offered to establish notice of the defect on the part of the nursing home, not to prove the truth of what was asserted. So too could it be considered an excited utterance, she continued.

The applicable standard of review is one of abused discretion. *McKee v. McNeir,* 151 S.W.3d 268, 269 (Tex. App.–Amarillo 2004, no pet.). That is, the appellant must show that the decision failed to comport with applicable rules and guiding principles. *Trevino v. Pemberton,* 918 S.W.2d 102, 104 (Tex. App.–Amarillo 1996, no writ). Furthermore, the purported error must be harmful before the decision can be reversed. Tex. R. App. P. 44.1.

Assuming *arguendo* that the affidavit and statement therein were not hearsay, we nonetheless conclude that its admission would not have changed the outcome. This is so because to impute knowledge to Amarillo Nursing, the person allegedly making the comment had to have been an employee of that business. *Stensrud v. Leading Edge Aviation Serv. of Amarillo, Inc.* 214 S.W.3d 98, 100 (Tex. App.–Amarillo 2006, no pet.). Other than simply concluding that the unknown person was a member of the home's

4

"staff," Griggs provided no other evidence touching upon the criteria used to determine employee status. *See id.* (describing the relevant criteria). Moreover, a conclusory statement is insufficient to raise a fact issue in a summary judgment proceeding. *Ryland Group v. Hood,* 924 S.W.2d 120, 122 (Tex. 1996). Therefore, Thomas' affidavit contained no admissible evidence sufficient to impute knowledge of the alleged defect to the nursing home.

We overrule Griggs' issues and affirm the summary judgment.

Brian Quinn
Chief Justice