In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00042-CR


______________________________




DONALD GENE FLINT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


 Bowie County, Texas


Trial Court No. 06F0023-202




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 At Donald Gene Flint's trial for three counts of indecency with a child by sexual contact and
one count of aggravated sexual assault of a child, (1) Flint's child victim was allowed to testify, without
objection, under the pseudonym "Gloria Hernandez," a name used throughout the court proceedings. 
After Flint was convicted, Sann Terry was allowed to testify, over objection but without motion for
continuance, during the punishment phase of trial. (2)

 On appeal, Flint contends that the trial court fundamentally erred by allowing the child victim
to use the pseudonym without following statutory requirements and in light of what he asserts to be
the unconstitutionality of Article 57.02 of the Texas Code of Criminal Procedure in violation of
Flint's Sixth Amendment rights to confrontation and to a public trial. See U.S. Const. amend. VI;
Tex. Code Crim. Proc. Ann. art. 57.02 (Vernon Supp. 2008). He also asserts the trial court erred
in allowing Terry to testify.

 We affirm the judgment of the trial court because (1) the victim's use of a pseudonym did not
present fundamental error and (2) allowing Terry to testify was not error and was not preserved.



(1) The Victim's Use of a Pseudonym Did Not Present Fundamental Error

 Flint asserts that the trial court erred by allowing the State to use a pseudonym when the
record reflects neither that Hernandez invoked the right nor completed the proper pseudonym forms. 
In related points of error, Flint contends that Article 57.02 of the Texas Code of Criminal Procedure,
which provides for the use of a pseudonym, is an unconstitutional violation of his Sixth Amendment
rights to confrontation and to public trial. Flint concedes that he failed to object to the use of the
pseudonym or to assert Article 57.02's unconstitutionality and, therefore, must show fundamental
error on all three of those points of error.

 To preserve a complaint for our review, a party must have presented to the trial court a timely
request, objection, or motion that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); Mother
Earth Commercial Servs., Inc. v. Kerst, No. 06-06-00103-CV, 2007 WL 2385119 (Tex.
App.--Texarkana Aug. 23, 2007, no pet.) (mem. op.); see also Tex. R. Evid. 103(a)(1). If a party
fails to do this, error is not preserved, and the complaint is waived. See Bushell v. Dean, 803 S.W.2d
711, 712 (Tex. 1991) (op. on reh'g). A criminal defendant, however, need not timely object to an
error stemming from an absolute right or prohibition. Marin v. State, 851 S.W.2d 275 (Tex. Crim.
App. 1993), overruled on other grounds, 891 S.W.2d 267 (Tex. Crim. App. 1994) (discussing the
three categories of rights and their respective susceptibility to waiver and procedural default). Errors
based on such rights or prohibitions, "fundamental errors," may be raised for the first time on appeal. 
Tex. R. Evid. 103(d) (appellate court may take notice of fundamental errors affecting substantial
rights although errors not preserved at trial). Fundamental errors are violations of rights which are
"waivable only" or denials of absolute systemic requirements, neither of which must be preserved
by objection. Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); Marin, 851 S.W.2d
at 279. 

 Here, Flint fails to cite any authority holding that the alleged errors are fundamental errors,
and he admits that he did not object at trial to the use of the pseudonym or the constitutionality of
Article 57.02. 

 Article 57.02 implicates a defendant's constitutional due process rights. Washington v. State,
59 S.W.3d 260 (Tex. App.--Texarkana 2001, pet. ref'd) (notice requirement). A defendant,
however, may waive any constitutional errors by failing to object at trial. Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996); Wise v. State, 223 S.W.3d 548, 554 (Tex. App.--Amarillo
2007, pet. ref'd) (even constitutional rights may be waived). The Sixth Amendment rights to
confrontation and public trial must be preserved at trial, and the failure to object on a timely basis
results in waiver. Levine v. United States, 362 U.S. 610, 619 (1960) (failure to raise public-trial
objection at trial forfeited right to raise complaint on appeal); Dewberry v. State, 4 S.W.3d 735, 752
(Tex. Crim. App. 1999) (waived confrontation-clause issue by failing to object); Briggs v. State, 789
S.W.2d 918, 924 (Tex. Crim. App. 1990) (failure to object at trial resulted in waiver of right to
confrontation); Brandley v. State, 691 S.W.2d 699, 707 (Tex. Crim. App. 1985) (right to public trial
must be preserved).

 The alleged errors are not fundamental in nature. (3) By failing to object at trial, Flint waived
these claims. Therefore, Flint's points of error related to the victim's use of the pseudonym were not
preserved for our review. Flint's contentions of error are overruled. 

(2) Allowing Terry to Testify Was Not Error and Was Not Preserved

 In March 2006, two years before his trial, Flint filed a motion for discovery seeking the
production and disclosure of nine designated items; among the requested items, however, was not
the names or addresses of the State's witnesses. About a year later, the State filed an application for
subpoena listing the State's potential witnesses. The application did not name or include Terry. On
February 20, 2008, about two weeks before trial, the State filed a second application for subpoena
naming Terry as a potential witness. The record does not show that the trial court either ordered the
State to provide a witness list or to forward either application to Flint. 

 Approximately five days before trial, in a conference with Flint's trial counsel, the State
provided Flint with a witness list that included Terry as an expert who would testify in rebuttal or
during the punishment phase of the trial. In a motion in limine, Flint moved to exclude Terry as a
witness because of late disclosure. The trial court denied the motion. During the punishment phase
of the trial, the State called Terry to testify, and Flint renewed his objection. The trial court
overruled the objection and allowed Terry to testify. Flint then cross-examined Terry. Flint did not
seek a continuance at any time.

 Flint argues that the trial court abused its discretion by allowing Terry to testify. The State
argues that Flint failed to request the names of State witnesses through discovery, that five days was
sufficient time in which to prepare for the cross-examination of Terry, and that, if Flint wanted more
time, he should have requested a continuance. 

 Article 39.14(b) of the Texas Code of Criminal Procedure states that, 

 on motion of a party and on notice to the other parties, the court in which an action
is pending may order one or more of the other parties to disclose to the party making
the motion the name and address of each person the other party may use at trial to
present evidence.


Tex. Code Crim. Proc. Ann. art. 39.14(b) (Vernon 2005). When requested by a criminal defendant,
and when ordered to do so by the trial court, the State must give notice of its witnesses before trial. 
Martinez v. State, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993); Stoker v. State, 788 S.W.2d 1, 15
(Tex. Crim. App. 1989). 

 In the absence of court-ordered disclosure, our standard of review is whether the trial court
abused its discretion in allowing a previously undisclosed witness to testify. See Stoker, 788 S.W.2d
at 15 (citing Bridge v. State, 726 S.W.2d 558, 566 (Tex. Crim. App. 1986)). Two factors to be
considered in determining whether the trial court abused its discretion is to see if the record
establishes bad faith on the part of the State in failing to provide the advance witness disclosure and
if the defendant could have reasonably anticipated that the witness would testify, even without such
express notice. Id. (citing Hightower v. State, 629 S.W.2d 920, 925 (Tex. Crim. App. [Panel Op.]
1981)). 

 In the event the trial court abuses its discretion in overruling a defendant's objection to a
previously undisclosed witness, the defendant's failure to move for a continuance renders any error
harmless. Barnes v. State, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) (defendant objected to
previously undisclosed witness, but error was harmless because he failed to move for continuance);
Gonzales v. State, 4 S.W.3d 406, 416 n.6 (Tex. App.--Waco 1999, no pet.). In the case of Rushing
v. State, 50 S.W.3d 715, 729 (Tex. App.--Waco 2001, pet. ref'd), the State disclosed a witness on
the morning before voir dire began, and despite the State offering no explanation of why the witness'
name had not been previously provided, the appellate court, citing Barnes and noting that the
defendant failed to request a continuance, and "assuming the trial court abused its discretion,"
affirmed the trial court's decision to allow said witness to testify over the defendant's objection. 

 The record in this case does not reflect a court-ordered disclosure, and Flint's pretrial
discovery motion did not request a list of the State's witnesses. Five days before trial, the State
provided Flint with notification that Terry was a potential witness. Similar to the defendants in
Barnes and Rushing, Flint objected to the witness but failed to move for a continuance. Therefore,
an abuse-of-discretion analysis is unnecessary because, even assuming the trial court abused its
discretion, the failure to request a continuance rendered any such error harmless. Barnes, 876
S.W.2d at 328. Accordingly, we overrule this point of error. 

 We affirm the judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 16, 2009

Date Decided: August 7, 2009


Do Not Publish

 
1. Flint pled guilty to the count of aggravated sexual assault and to one count of indecency with
a child by sexual contact; he pled not guilty to the remaining two charges. 
2. Flint received sentences of ten years' imprisonment for each of the three counts of indecency
with a child and fifty years' imprisonment for aggravated sexual assault, with the sentences to be
served concurrently.
3. There is no indication or claim that Flint did not know the identity of the child claiming to
be the victim.



llowed are narrow and restricted." Brooks v. Assocs. Fin. Servs. Corp., 892
S.W.2d 91, 92 (Tex. App.--Houston [14th Dist.] 1994, no writ). Affirming the trial court's denial
of Thomas' bill of review would be consistent with that policy.

 However distasteful the outcome which denies Thomas the chance to try to prove the truth
of his convictions that he did not father the children in question, his counsel's dialogue with the trial
court at the hearing on his bill of review foreclosed that possibility by waiving the only potentially
valid argument Thomas had.

 The same outcome is dictated by viewing this issue from a different angle. On appeal,
Thomas presents a different issue than that presented to the trial court at the hearing on his bill of
review. To the trial court, he expressly limited his argument to the lack of actual notice; now on
appeal he attacks the substituted service. He reasons that the default was improperly taken because
the affidavit supporting substituted service was based on conclusions and statements made two
months before the substituted service occurred, and because the substituted service was effected at
a place which was not his residence, place of business, or where he could probably be found. 

 Although Thomas correctly sets out the procedural posture of this case, his argument
assailing the substituted service was never presented to the trial court. And that is fatal. Complaints
and  arguments  on  appeal  must  correspond  with  the  complaint  made  at  the  trial  court  level. 
Century 21 Real Estate Corp. v. Hometown Real Estate Co., 890 S.W.2d 118, 124 (Tex.
App.--Texarkana 1994, writ denied). Since the grounds asserted on appeal do not comport with
those asserted at trial, the issue is not preserved for appeal. See McKee v. McNeir, 151 S.W.3d 268,
270 (Tex. App.--Amarillo 2004, no pet.); Moser v. Davis, 79 S.W.3d 162, 169 (Tex.
App.--Amarillo 2002, no pet.). (4) We overrule this point of error.

(2) The Trial Court Did Not Err in Refusing to Hear Evidence

 Thomas also complains on appeal that the trial court erred in not hearing his evidence that
Thomas did not receive actual notice of the proceedings. The record reflects that substituted service
was accomplished on Thomas under Rule 106 of the Texas Rules of Civil Procedure by leaving a
copy with an adult at an address specified in the order for substituted service. Substituted service
is predicated on having a procedure that, though it may or may not actually give notice, is expected
to be "reasonably effective to give the defendant notice of the suit." See Tex. R. Civ. P. 106(b)(2).

 Substituted service exists to allow plaintiffs to effect service where proof of
actual notice under Rule 106(a) is impractical. See Wilson v. Dunn, 800 S.W.2d 833,
836 (Tex. 1992). Under Rule 106(b) a court may authorize substituted service only
after a plaintiff has unsuccessfully tried to effect personal service or service by
certified mail, return receipt requested, as required by Rule 106(a). Tex. R. Civ. P.
106(b). A plaintiff may resort to substituted service only upon the failure of these
methods which provide proof of actual notice. Thus, to require proof of actual notice
upon substituted service would frustrate Rule 106(b)'s purpose of providing alternate
methods for plaintiffs . . . .

Costley, 868 S.W.2d at 298-99. Since actual notice is not required for the substituted service to be
effective, actual notice was not relevant to Thomas' bill of review and does not affect any substantial
right of a party. See Tex. R. Evid. 103(a). We find no error in the trial court's refusal.

(3) Allegedly Newly Discovered Evidence Not Attacking the Basis for Judgment Is Not a Ground
for New Trial


 After the trial court denied Thomas' bill of review, he filed a motion for new trial claiming
newly discovered evidence in the form of a DNA test stating that the children were not his. Our
review of the record leads us to conclude his motion was overruled by operation of law without a
hearing. But, regardless of that procedural artifact, and even if the DNA evidence could be
considered newly discovered, the DNA evidence does not undermine the basis on which the bill of
review was denied. The bill of review was denied because Thomas' only challenge to the underlying
service of process on him was based on his alleged lack of actual notice, which we have noted above
is not a valid defense when substituted service is used to serve process. No error is shown.

 We affirm the judgment of the trial court.


 

 Josh R. Morriss, III

 Chief Justice




DISSENTING OPINION



 Bobby C. Thomas was found to be the father of two children by default. The trial court
authorized substituted service based on a process server's affidavit that Thomas lived at 20317
Eastern Hills Road, Flint, Texas. The papers were served at that address on someone who did not
know Thomas. Thomas says that was not his home, he never got the papers, and DNA tests prove
the children are not his. He hired a lawyer who filed a bill of review asserting that the service was
defective because Thomas never had notice of the proceeding and the substituted service on a person
unknown to him at a place that was not his residence or place of business was not reasonably
calculated to give him notice. A hearing was set; Thomas, his lawyer, and the person who was
served appeared to present their evidence. After a brief discussion with the trial court, Thomas'
motion was overruled and the trial court refused to hear any evidence. Now this Court, based on
ambiguous statements before the trial judge, declares that "Thomas' counsel intended to waive the
defective-substituted-service claim set out in his bill of review." I disagree. 

 This Court finds this waiver because Thomas' lawyer stated he was not challenging the fact
that the Rule 106 "may have been an order." He further stated that he was asserting that the person
served never gave the citation to Thomas. The majority opinion implies that the court reporter
improperly transcribed the record and finds the record to provide "clear" evidence that counsel was
not pursuing his pled argument that substituted service was inadequate, but only his argument that
he did not receive actual notice. (5) 

 First, I think we must use the record that the court reporter certifies is true and correct. If
either party believes the court reporter's record is incorrect, the party may ask the trial court to settle
the issue and resolve any dispute. Tex. R. App. P. 34.6(e)(2). Neither party urged a correction of
the record. The literal language contained in the certified court reporter's record simply does not
contain statements by Thomas' attorney relinquishing his attack on the propriety of the Rule 106
service. But the majority opinion finds it is "clear" that he was not pursuing his pled argument that
the substituted service was inadequate. 

 To support this rationale, the majority cites one administrative law case where the appellant
waived an argument by failing to raise it below at all in addition to specifically waiving the argument
to the trial court. Cont'l Cas. Ins. Co. v. Functional Restoration Assocs., 19 S.W.3d 393, 402 (Tex.
2000). The language in Continental compared to this expression is distinguishable. ("We don't
argue that APTRA (now APA) provides an independent source of judicial review . . . ." vs. "I'm not
challenging the fact that the . . . Rule 106 may have been an order.") Thomas gave up nothing by
stating he did not challenge the fact that the Rule 106 was an order. His evidence challenging actual
notice of the suit does not provide an affirmative waiver of his pleading that service by the 106 order
was not reasonably effective to give him notice. 

 Throughout the discussion with the court, Thomas' counsel repeatedly stated that he had
evidence to present and requested to be allowed to present the evidence. "I'd like to put on my case." 
"I'm entitled to put on my proof, your Honor." "I still want to put on my proof." "All right. Then I
want to put on my proof for a Bill of Exceptions then." 

 In district court, parties are required to file pleadings to notify the opposing party of the
issues. Unlike a justice of the peace court, where pleadings may be presented orally, in district court,
both the parties and the judge have notice, before any hearing, of the matters raised. If an opposing
party feels the pleadings are inadequate, it may file special exceptions to the pleadings. Once this
hearing began, the issues were already before the court. The law does not require the attorneys to
explain to the trial court the issues being raised or risk those issues being relinquished. When a party
appears in court and has proper pleadings and requests to present evidence relevant to those
pleadings, he or she should not be considered to have relinquished them unless he or she expresses
an unequivocal statement of relinquishment. 

 When the evidence finally was allowed to be presented for a bill of exceptions, it was directly
relevant to both issues raised in the pleadings: lack of actual notice and service was not reasonably
effective to give notice to Thomas. To obtain a Rule 106 order for substituted service, Jeff Holcomb,
a process server, swore that he had attempted unsuccessfully to serve Thomas at 20317 Eastern Hills
Road, Flint, Texas. He further swore that service on anyone over sixteen years of age would be
reasonably effective notice to Thomas because it was "the party's usual place of abode or business." 
The trial court, acting on the sworn affidavit, authorized service on anyone over sixteen years of age
at the address, impliedly finding that such a procedure would be reasonably effective notice of the
suit. Thomas' testimony directly contradicted the affidavit as he testified that the stated address was
not his residence; at that time, his residence was at Town Park in Tyler. Further, the person on
whom service was made, Keith McIntyre, testified he did not know Thomas or notify him of the suit
papers. All of this evidence is affirmative proof on the issue of whether service was reasonably
effective to give notice, but it was never considered by the trial court. 

 Furthermore, the fact Thomas also claimed that he did not receive actual notice of the original
filing is not irrelevant. One of the factors that a plaintiff generally has to prove in a bill of review
is that he or she was not negligent. Transworld Fin. Servs. Corp. v. Briscoe, 722 S.W.2d 407, 408
(Tex. 1987). Proving that he never received actual notice of the suit would be relevant evidence on
that issue. 

 Experience suggests that hearings such as this in a family court are set along with numerous
other matters. Time is of the essence. The court may ask the attorneys to state briefly their claims;
unless the party intentionally relinquishes a pleading or argument, these summary statements to the
trial court should not deprive a party of his or her right to have his or her properly pled argument and
evidence considered. Thomas had specifically pled the issue of the propriety of the notice given, he
appeared in court to present this evidence, and it was never considered. To deny him the right to
have his evidence considered by the court, there should be undeniable evidence that he intentionally
relinquished that right. That is not found in this record. The trial court erred in overruling Thomas'
bill of review without hearing the relevant evidence on the issues as outlined in the pleadings. 
Unlike the trial court, this Court had ample time to carefully review the matter to arrive at a proper
conclusion; instead, we have compounded the error. I would remand this for a retrial to allow the
trial court to hear all of the evidence relevant to the pleadings. I respectfully dissent. 

 

 Jack Carter

 Justice


Date Submitted: April 3, 2008

Date Decided: July 29, 2008
1. This case arose from Smith County but has been transferred to this Court as part of the
Texas Supreme Court's docket equalization program.
2. He also alleged he had a meritorious defense: the children were not his.
3. In making its implicit decision that counsel had waived the substituted service argument,
the trial court had the benefit of not only the bare spoken words (transcribed into the cold record
before us), but also other communication clues from counsel not transcribed in the record, such as
any vocal inflections, expressions, or gestures--things that regularly are used in interpreting face-to-face communications. We believe that fact should endue the trial court's decision with some
measure of deference.
4. To qualify for a remedy by bill of review, a litigant "must allege and prove, within the time
allowed, (1) a meritorious defense . . ., (2) which he was prevented from making by fraud, accident
or wrongful act of the opposite party, (3) unmixed with any fault or negligence on his own part." 
Hanks v. Rosser, 378 S.W.2d 31, 34 (Tex. 1964).
5. The opinion quotes Thomas' attorney, "I'm not challenging the fact that the . . . that the Rule
106 may have been an order." But the majority opinion inserts the [sic] signal after the word "an,"
suggesting that it is inaccurate. Further, the opinion implies the record is in error by stating "though
the court reporter transcribed that statement in the way it is quoted above."